**SO ORDERED.**

**SIGNED this 22nd day of May, 2017.**



_Dale L. Somers_
Dale L. Somers
United States Bankruptcy Judge

___

Opinion Designated for Electronic Use, But Not for Print Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

KURT D. SCADDEN,
ENID P. SCADDEN,

                **DEBTORS.**

CASE NO. 17-10089-7
CHAPTER 7

**OPINION CONVERTING CASE TO CHAPTER 13, AND**

**TREATING CREDITOR FIRST BANK'S OBJECTION TO CONVERSION**

**AS A MOTION TO DISMISS OR RE-CONVERT**

    This matter came before the Court on May 11, 2017, for a hearing on the Debtors' motion to convert the case to Chapter 13, and Creditor First Bank's objection. The Debtors appeared by counsel William H. Zimmerman, Jr. First Bank, Inc., appeared by counsel Richard M. Beheler. Chapter 7 Trustee J. Michael Morris appeared on his own behalf. The Court heard the parties' arguments and took the matter under advisement.

The Debtors own a bed and breakfast business in Dodge City, Kansas, that First Bank has provided financing for. The business ran into financial problems, and First Bank filed a foreclosure action in state court in April 2016. In the course of that suit, the parties reached certain agreements, and the business's real and personal property was to be sold in February 2017. The sale was cancelled, though, when the Debtors filed a Chapter 7 bankruptcy on January 24, 2017. The business had been run as a corporation for ten years, but the Debtors listed its assets as their own in their bankruptcy schedules.

The Debtors changed attorneys, and on March 22, 2017, they filed a motion to convert their case to Chapter 13. First Bank objected that the motion should be denied because the Debtors had acted and were acting in bad faith, citing the Supreme Court's decision in *Marrama v. Citizens Bank*.[1] At the hearing on May 11, Trustee Morris stated that he took no position on the conversion motion, but pointed out that the Debtors were continuing to operate the business, incurring expenses and receiving income, and that the pendency of their conversion motion put him in limbo, uncertain what he should be doing.

The Court has reread *Marrama*, and concludes it does not require the Court to decide the merits of First Bank's allegations of bad faith before allowing the case to be converted to Chapter 13. As in this case, the debtor in *Marrama* filed a Chapter 7 petition and then sought to convert the case to Chapter 13. Both the Chapter 7 trustee and the

---

[1] 549 U.S. 365 (2007).

debtor's principal creditor objected to conversion, and the bankruptcy court denied the debtor's effort, finding the debtor had acted in bad faith.  The First Circuit Bankruptcy Appellate Panel and the First Circuit affirmed that ruling.  The debtor then appealed to the Supreme Court, arguing § 706(a) gave him an absolute right to convert his case to Chapter 13, and the lower courts had erred by denying him that right.  The Supreme Court ruled the case did not have to be converted to Chapter 13 since it would have immediately been dismissed or re-converted for cause under § 1307(c) based on the debtor's bad faith.

But *Marrama* does not mean this Court cannot convert this case to Chapter 13 before considering the merits of First Bank's allegations of bad faith.  The debtor in that case was not operating a business, and the trustee's and the creditor's claims of bad faith all concerned actions the debtor had taken to try to keep his home out of the reach of his creditors.  Based on the circumstances of this case, it is more appropriate to grant the conversion motion so that Trustee Morris is relieved of his dilemma and not held in limbo while the Debtors and First Bank litigate the bad faith question.  As usual for questions regarding a party's state of mind, the Court must conduct an evidentiary hearing in order to decide whether the Debtors have acted in such bad faith that they have forfeited their right to try to reorganize under Chapter 13.  Conversion will terminate Mr. Morris's service as Chapter 7 trustee, but will not affect First Bank's ability to contest the Debtors' right to continue to proceed in Chapter 13.

Consequently, the Debtors' motion to convert is hereby granted.  First Bank's objection to that motion (Doc. 32) will be treated as a motion, pursuant to § 1307(c), to

dismiss or re-convert the case for cause. The Debtors shall have 21 days to file a response to the Bank's allegations of bad faith. Once that response is filed, the Clerk's Office is directed to set the matter for a pretrial conference.

# # #